IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

GLOBAL COMMUNICATIONS, INC.,

      Plaintiff,

v.                                CASE NO. 4:12cv651-RH/CAS

DIRECTV, INC. et al.,

      Defendants.

_____/

**ORDER AMENDING THE SCHEDULE AND
ADDRESSING ALL PENDING MOTIONS**

As set out on the record of the status conference and motions hearing on May 8, 2014,

IT IS ORDERED:

1.     The plaintiff's motion for leave to amend its second amended complaint by interlineation, ECF No. 216, is deemed a motion for leave to file a third amended complaint with the same proposed changes. The plaintiff must file by May 12, 2014, the proposed third amended complaint. The proposed third amended complaint must omit the claims against DirecTV, Inc., and The DirecTV Group, Inc.; summary judgment has been entered against the plaintiff on those

claims, and renewing them would be futile.  The contention that summary judgment should not have been entered, as set out in opposition to the summary-judgment motion, is fully preserved without setting out the claims again in the third amended complaint.

    2.    The deadline for any memorandum in opposition to the motion for leave to file the third amended complaint is May 27, 2014.

    3.    The plaintiff may file by July 8, 2014, a supplemental memorandum and further evidence in response to the pending motions of ZCWC Inc., Polecoz Electronics Ltd., and Zinwell Corp. to dismiss for lack of personal jurisdiction, ECF Nos. 134, 168, and 201.  Prior to that time, the plaintiff may conduct discovery on jurisdictional issues including the Florida contacts of these defendants.  The discovery may include a Federal Rule of Civil Procedure 30(b)(6) deposition of each defendant.  Any such deposition will not count against the defendant-specific limit that will apply if the defendant's motion to dismiss is denied.

    4.    The plaintiff's motion, ECF No. 209, for an order directing the clerk to serve process by mail on the defendants Zinwell Corp. and Wistron NeWeb Corp. is GRANTED.  The clerk must serve process by mail, return receipt requested, on these defendants.  The plaintiff must provide the required documents, may further direct the form of mail service, and must pay the cost.

5. On proper notice, the plaintiff and each defendant that has filed (and has not withdrawn) a counterclaim or cross-claim must appear once for a 30(b)(6) deposition in this district. Otherwise a deponent may be required to appear only in accordance with the Federal Rules of Civil Procedure. But the parties should agree to conduct depositions in a location that will, to the extent feasible, minimize the burden and expense. And they should agree to conduct depositions by telephone or other remote means when feasible.

6. Interrogatories are limited to 30 per side, including all discrete subparts, except that for each defendant, each side may propound up to 10 additional, defendant-specific interrogatories. A "side" is the plaintiff, on the one side, and all the defendants collectively, on the other side. The parties should propound interrogatories only as reasonably necessary.

7. The number and length of depositions are limited as provided in the Federal Rules of Civil Procedure, except that, in addition, for each defendant, the plaintiff may conduct a 30(b)(6) deposition and one additional defendant-specific deposition. The parties should conduct an authorized deposition only if, and for the time, reasonably necessary. The parties should agree to an additional deposition, or to extend a deposition beyond seven hours, if reasonably necessary. A party may move—with or without a supporting memorandum—to authorize an

additional deposition or to bar or limit an excessive examination.  A hearing on any such motion will be set by telephone without delay.

8. Based on the affected parties' stipulation, ECF No. 213, ASC Signal Corporation's cross-claim against DirecTV, LLC, f/k/a DirecTV, Inc., is dismissed with prejudice.  I expressly determine that there is no just reason for delay and expressly direct the entry of judgment on the cross-claim.  *See* Fed. R. Civ. P. 54(b).

9. The most recent Rule 26(f) report, ECF No. 197, will control the matters on which it sets out the parties' agreement, except when the report conflicts with this order.  On matters not addressed in this order or the 26(f) report, the prior orders, as in effect prior to entry of this order, remain in effect.

SO ORDERED on May 9, 2014.

s/Robert L. Hinkle
United States District Judge