UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

| | |
|---|---|
| GLOBAL COMMUNICATIONS, INC., <br><br> Plaintiff, <br><br> v. <br><br> DIRECTV Inc., THE DIRECTV GROUP, INC., and JOHN DOE MANUFACTURERS Nos. 1-10, <br><br> Defendant. <br><br> DIRECTV, LLC and THE DIRECTV GROUP, INC., <br><br> Counterclaimants, <br><br> v. <br><br> GLOBAL COMMUNICATIONS, INC., <br><br> Counterclaim Defendant. | Case No.: 4:12-cv-00651-RH-CAS |

**AMENDED JOINT STIPULATED PROTECTIVE ORDER**

WHEREAS, it appears that certain documents, information, and tangible objects that may be produced in discovery conducted in this proceeding or submitted to this Court by way of pleadings, motions, declarations or other materials, may contain trade secrets, confidential research development, technology, commercial information, other proprietary or other highly, confidential information belonging to DIRECTV, LLC and The DIRECTV Group, Inc. (collectively, "DIRECTV"), GLOBAL COMMUNICATIONS, INC. ("GLOBAL"), other parties that are named in this action, or third-parties (hereinafter "Confidential Information"); and

WHEREAS, such Confidential Information should not be released in the public domain, but rather should be treated as confidential in accordance with the Federal Rules of Civil Procedure and the privacy interests of the parties and other persons; and

WHEREAS, the disclosure or dissemination of such Confidential Information could cause irreparable competitive harm to the owner of such information;

NOW, THEREFORE, IT IS HEREBY STIPULATED by and between DIRECTV and Global, through their respective counsel of record, that the Court should issue this Protective Order concerning and protecting the confidentiality of documents, information, and tangible objects produced during discovery as follows:

**1.** **Discovery Material.**

a. This stipulation and order (the "Protective Order") shall govern the use, handling and disclosure of all documents,[1] things, transcripts of and exhibits to depositions, initial disclosures, interrogatory answers, responses to requests for admissions, and other written, recorded, or graphic material, including all copies, excerpts, abstracts, or summaries therefore (collectively, "Discovery Material"), produced, made available for inspection, filed with the Court, served, or obtained by any party or non-party in this action (collectively, "Person(s)").

b. Discovery Material may be designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" by the counsel of record for the Party producing such Discovery Material ("the Designating Party"), so long as such counsel determines, in good faith, that such Discovery Material complies with the definition in Paragraph 2(a) or 3(a) of this Order, respectively.

---

[1] The term "document," as used herein encompasses "documents or electronically stored information—including writings, drawings, graphs, charts, photographs, sound recordings, images and other data or data compilations—stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into reasonably usable form." See Federal Rules of Civil Procedure, Rule 34(a).

  c. Non-parties required to produce Discovery Material may avail themselves of the protections of this Protective Order, provided they agree, in writing, to be bound by all of the terms and conditions of this Protective Order.

**  2. "CONFIDENTIAL" Discovery Material.**

  a. Discovery Material designated as "CONFIDENTIAL" shall be limited to Discovery Materials that have been treated as confidential in the ordinary course of business, have not been disclosed publicly, and which the Designating Party believes in good faith must be held confidential to protect business or commercial interests.

  b. Discovery Material designated as "CONFIDENTIAL," or information derived therefrom, may be disclosed, shown, or made available, or communicated in any way only to the following Persons:

    (i) outside counsel for the parties to this litigation, including Persons working solely in secretarial, clerical, and paralegal capacities, and who are providing assistance to counsel in this action;

    (ii) qualified Persons taking testimony involving Designated Material, and necessary stenographic, videographic, and clerical personnel thereof;

    (iii) consultants or experts and their staff who are employed for the purposes of this litigation, provided that the provisions of Paragraph 8 of this Protective Order are complied with prior to any disclosure of any Designated Material to such an expert or consultant;

    (iv) the Court and the Court's staff;

    (v) officers, directors and employees of a non-Designating Party, but only to the extent necessary to participate in, assist in and monitor the progress of

this action and for no other purpose, and provided the provisions of Paragraph 8 of this Order are complied with prior to any disclosure;

(vi)   third-parties specifically retained to assist outside counsel in copying, imaging, and/or coding of documents, but for that purpose only, provided that all such documents are kept and maintained in a separate and secure place.

3. **"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Discovery Material**

a.   Discovery Material designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall be limited to Discovery Materials that have not been disclosed publicly and which the Designating Party believes in good faith are so commercially sensitive or confidential that the disclosure to employees of another party or a third party, even under the restricted terms and conditions applicable to Discovery Materials designated as "CONFIDENTIAL," would not provide adequate protection to the business or commercial interests of the producing Person.  Examples of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" materials would include documents that reflect the terms of business relationships with vendors (including bids, proposals, offers, licenses and contractual terms); documents that reveal trade secrets and proprietary information about the technical aspects of the Designating Party; financial or investment information (including revenues, costs, expenditures, compensation and profits); confidential government filings (including tax returns); and documents that reflect business strategies that either party would not, in the ordinary course of business, disclose to the other party (including, among other things, financial projections, competitive strategy and business models).

b.  Discovery Material designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or information derived therefrom, may be disclosed, shown, or made available, or communicated in any way only to the following Persons:

(i)  Persons identified in Paragraphs 2(b)(i)-(iv), and 2(b)(vi) of this Order; and

(ii)  in-house counsel for any non-Designating Party, but only if the Designating Party in writing permits access to particular items of such Discovery Material to particular in-house counsel.  If such written permission is granted, then unless otherwise expressly stated, such permission is limited to a single identified non-Designating Party's in-house counsel who may have access to these particular items of such Discovery Material.  In-house counsel receiving access under such permission shall use and disclose such Discovery Material only as permitted by this Protective Order.

c.  Notwithstanding the foregoing, the parties recognize that it may be desirable to permit certain summary financial information derived from Discovery Material designated as "HIGHLY CONFIDENTIAL–ATTORNEYS' EYES ONLY" to be considered by the Non-Designating Party for purposes of mediation and/or settlement negotiations. accordingly, should counsel for the non-Designating Party believe that it would be beneficial to review certain summary financial documents with a Person identified in Paragraph 2(b)(v), counsel may request permission from counsel for the Designating Party by disclosing, in writing, the particular document or information sought to be disclosed and the Person identified in Paragraph 2(b)(v) to whom the information is to be disclosed.  Upon receipt of written authorization of counsel for the Designating Party, but not otherwise, counsel for the non-

Designating Party may review the identified Designated Material with the identified Person. Any financial summaries authorized to be disclosed to a Person identified in Paragraph 2(b)(v) pursuant to this Paragraph shall remain designated "HIGHLY CONFIDENTIAL– ATTORNEYS' EYES ONLY" under this Protective Order and all of the remaining provisions of this Protective Order shall remain applicable to them.

        d.      All Discovery Material that is produced by another party (or a third-party) and that is designated as "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" shall be maintained in the United States and shall never be sent or taken outside of the United States.

**4.**      **Designated Material.**

        a.      All Discovery Material designated as either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," and all information derived therefrom, shall be referred to in this Protective Order as "Designated Material" and shall be handled in strict accordance with the terms of this Protective Order.  Specifically, absent an order by this Court, such Designated Material shall be used by the parties to this action solely in connection with this action or any appeal therefrom, and not for any other purpose, except as required by law, and such Designated Material shall not be disclosed to anyone except as provided herein.  Designated Material may be disclosed only under the circumstances and to the Persons specifically provided for herein or in any subsequent Court order, or with the explicit written consent of the Designating Party with respect to specifically identified Designated Material.

        b.      Nothing contained herein shall prevent any party from disclosing or using its own Designated Material or information contained therein as it deems appropriate.

5.  **Designating Discovery Material.**

   a.   Designated Material shall be so designated by marking or stamping each page or thing of such material "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" prior to delivery of possession to another party.

   b.   If a person producing documents or things elects to make the documents and things available for inspection and copying rather than producing then, then designation need not be made until copies of the materials are requested after inspection by counsel. Making documents and things available for inspection by another party's counsel shall not constitute a waiver of any claim of confidentiality, and all materials provided for inspection by a party's counsel shall be treated as though designated HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY at the time of inspection. All materials produced for inspection but not selected for more formal production will continue to be considered and treated as if designated HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY, except to the extent such other materials are otherwise formally produced or used in this matter.

   c.   A party may designate Discovery Material produced by another party or third party, within seven (7) business days from the date the Designating Party receives notice that the Discovery Material has been produced, by identifying the Discovery Material and requested Designation.

6.  **Designating Depositions.**

Any deposition testimony or portions thereof may be classified as Designated Material under the terms of this Protective Order by a party either orally at the deposition by stating the appropriate confidentiality designation on the record, or by doing so within fifteen (15) business days after receipt of the official transcript of such deposition by sending a written list of the

pages, lines and/or exhibits to be so designated to counsel for the other parties. The parties shall then treat any designated portions of the transcript and/or exhibits in accordance with the terms of this Protective Order as if marked or stamped pursuant to Paragraphs 5(a). Before the expiration of the fifteen (15) business days, deposition transcripts and exhibits not previously produced shall be treated as if they had been designated HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY.

      a.    Where testimony is designated under the terms of this Protective Order at a deposition, the Designating Party may exclude from the deposition all Persons other than those to whom the Designated Material may be disclosed under Paragraphs 2(b) or 3(b) of this Protective Order, as applicable. The failure of such other Persons to comply with a request of this type shall constitute substantial justification for outside counsel to advise the witness not to answer a question seeking the revelation of Designated Material.

      b.    Any party may mark a deposition exhibit Designated Material and examine any witness thereon, provided the deposition witness is one to whom the exhibit may be disclosed under Paragraphs 2(b), 3(b) or 7 of this Protective Order. In addition, Designated Material may be used by receiving or Non-Designating parties in deposing the Designating Party and in deposing any directors, officers, employees, agents, or attorneys of such Designating Party.

**7.** **<u>Disclosure to Authors and Addressees.</u>**

The designation of any document under the terms of this Protective Order shall not preclude any party from showing the document to any Person who appears as an author, addressee, or recipient on the face of the document.

8. **<u>Disclosure to Other Persons.</u>**

Except for Persons described in Paragraphs 2(b)(i)-(ii), 2(b)(iv), and 2(b)(vi) of this Protective Order, all Persons to whom Designated Material is disclosed or by whom Designated Material is used, including parties, non-parties, and their representatives, shall be informed of and agree to be bound by the terms of this Protective Order and shall take all necessary precautions to prevent any disclosure or use of Designated Material other than as authorized herein.

      a. At least five (5) business days prior to disclosing Designated Material to any Person, other than Persons described in Paragraph 2(b)(i)-(ii), 2(b)(iv), and 2(b)(vi) of this Protective Order, the Disclosing Party shall provide to the Person whose Designated Material it wishes to disclose, a copy of the current Curriculum Vitae of the Person to whom it proposes disclosing Designated Material. In addition, prior to dissemination of Designated Material to any Person, other than Persons described in Paragraph 2(b)(i)-(ii), 2(b)(iv), and 2(b)(vi) herein, the Disclosing Party shall: (i) obtain from such Person a written acknowledgment, substantially in the form of Exhibit A annexed hereto, that such Person has reviewed a copy of this Protective Order, will comply with its terms in all respects, and will submit to the jurisdiction of this Court for adjudication of any dispute about whether such Person has complied with the terms of this Protective Order; (ii) maintain a copy of this acknowledgement evidencing that such Person has executed the undertaking set out in this Paragraph; and (iii) provide a copy of this acknowledgement to the Designating Party whose Designated Material it proposes to disclose.

      b. Individuals who are authorized to review Designated Material pursuant to this Protective Order shall hold the Designated Material and its contents in confidence and shall not divulge the Designated Material or its contents, either verbally or in writing, except as

expressly permitted herein, unless authorized to do so by a further Order of this Court or as specifically required by law.

9. **Custody of Designated Material.**

All Designated Material shall be maintained in the custody of the receiving party's outside counsel of record, and no partial or complete copies thereof containing Designated Material shall be retained by anyone else at any location, other than the offices of such counsel not on the premises of a party, except that those Persons identified in Paragraphs 2(b)(iii) and 2(b)(vi) herein may retain documents on a temporary basis for purposes of study, analysis, and preparation of this case. A Person with custody of Designated Material shall maintain it in a manner that limits access solely to those qualified persons set forth in Paragraphs 2(b), 3(b) and 7 herein.

10. **Filings with the Court.**

   a. Designated Material, when filed with the Court as part of any pleading or as evidence, shall be delivered to the Clerk of the Court in sealed enclosures on which shall be affixed the title of this action, an indication of the nature of their contents, the designation specifying whether the material contained within is "CONFIDENTIAL" and/or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," whose Confidential Information is contained therein, and a statement substantially in the following form:

> **THIS ENVELOPE CONTAINS MATERIALS SUBJECT TO A PROTECTIVE ORDER ENTERED IN THIS ACTION. IT IS NOT TO BE OPENED NOR ARE ITS CONTENTS TO BE DISPLAYED, REVEALED, OR MADE PUBLIC, EXCEPT BY ORDER OF THE COURT.**

The submission shall clearly indicate which portions contain Designated Material.

   b. Designated Material contained or substantially described in the papers shall remain under seal until further Order of this Court, provided, however, that such papers

may be furnished to Persons or entities that may receive Designated Material as allowed by Paragraphs 2(b) and 3(b) herein. Upon or after filing of any paper containing or substantially describing Designated Material, the filing party may file on the public record a redacted duplicate copy of the paper that does not reveal the Designated Material. Further, if the protection for any such material expires, a party may file on the public record a duplicate copy that also contains the formerly protected material.

11. **Failure to Designate.**

A Designating Party that inadvertently fails to mark Designated Material as "CONFIDENTIAL' and/or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" at the time of the production shall have five (5) business days from discovery of the oversight to correct its failure to designate. Such correction and notice thereof shall be made in writing, accompanied by substitute copies of each Discovery Material appropriately marked as "CONFIDENTIAL" and/or "HIGHLY, CONFIDENTIAL–ATTORNEYS' EYES ONLY." Within five (5) business days of receipt of the substitute copies, the receiving party shall return or destroy the previously unmarked materials and all copies thereof.

12. **Inadvertent Disclosure.**

a. A receiving party that inadvertently discloses Designated Material to any Person not authorized to view such material under Paragraphs 2(b) or 3(b) herein shall promptly, upon learning of such inadvertent disclosure of Designated Material: (1) demand immediate return or destruction from the unauthorized Person of any and all copies, extracts, summaries or records of the disclosed Designated Material and any documents created in whole or in part with information derived from such Designated Material; and (2) immediately notify the Designating Party of the inadvertent disclosure. A receiving party's demand for return from unauthorized

Persons and notification to the Designating Party for such inadvertently disclosed Designated Material is without prejudice to its right to challenge the designation of the Designated Material.

        b.    The parties expect to produce substantial quantities of documents, items and information in this case, which may result in an inadvertent disclosure of information, documents, or materials which are subject to the claims of protection under the attorney-client privilege, work product doctrine, or other doctrines or privileges of nondisclosure.  Promptly upon learning of such inadvertent disclosure, the producing Person may notify any party that said production was inadvertent disclosure of confidential or privileged material and demand return thereof.  On such timely demand, the other party must return such assertedly confidential or privileged material and destroy all copies, extracts, summaries, or record thereof.  A party's return of such document or item is without prejudice to its right to challenge the claim of privilege or confidentiality.

    **13.**    **Objections to Designations.**  If at any time during the pendency or trial of this action, counsel for any party claims that Designated Material is not appropriately designated, objecting counsel may serve a written notice of objection on all parties and affected entities, identifying with particularity the Designated Material for the challenged designation, stating the basis for each challenge, and proposing a new designation for such materials.  The Designating Party has ten (10) business days either to re-designate the materials according to the proposal or to file and serve a motion seeking an Order that such materials remain as designated, in which case the Designating Party shall have the burden of proving that the original designation was appropriate or that a designation other than that proposed is appropriate. T he original designation shall remain effective until three (3) business days after entry of an Order re-designating the materials.  The failure of any party to challenge any designation by any other

party shall not constitute a waiver of the right to challenge the designation at a later time nor an admission of the correctness of the designation.

14. **Use at Trial.**

Disclosure and use of Designated Material at trial and in subsequent proceedings shall be governed by the terms of an Order to be entered by the Court at the appropriate time.

15. **No Prejudice.**

a. Unless the Court orders it, or unless all parties stipulate otherwise, evidence of the existence or nonexistence of a designation under this Protective Order shall not be admissible for any purpose during the trial of this action. This provision, however, does not impact a party's right otherwise to proffer the document during the trial of this action with the designation removed.

b. This Protective Order is being entered without prejudice to the right of any party to move the Court for modification of or relief from any of its terms.

16. **Subpoena By Third Parties, Other Courts or Agencies.**

If any of the parties receives a subpoena or other lawful process (referred to in this Paragraph as a Subpoena) requesting or directing that party to produce to a third-party (including, without limitation, a governmental agency) any Designated Material produced by another party, the party receiving the Subpoena shall immediately give notice to the Designating Party of the fact of the Subpoena and a summary of the documents requested in the Subpoena so as to enable the Designating Party to attempt to intervene or otherwise object to the production of the Designated Material.

**17.     Applicability of Designations.**

Notwithstanding any other provision herein to the contrary, the confidentiality obligations of this Protective Order shall not apply or shall cease to apply to any information that:

a.     at the time of disclosure hereunder, was already in the public domain by publication or otherwise;

b.     since the time of disclosure hereunder, has become, through no act or failure on the part of the receiving party, part of the public domain by publication or otherwise; or

c.     after disclosure hereunder, was acquired by the receiving party from a third party lawfully possessing the same and having no obligation to the Designating Party hereunder.

**18.     Final Disposition.**

a.     Upon the termination of this proceeding, this Protective Order shall continue to be binding upon the parties hereto, and upon all Persons to whom Designated Material has been disclosed or communicated, and this Court shall retain jurisdiction to enforce this Protective Order.

b.     Subject to final order of the Court upon completion of any matters relating to this case, within sixty (60) days after entry of any final and unappealable judgment in this litigation, any and all Designated Material produced by the other party or by a third party, and all copies thereof, shall be returned to the producing Person or destroyed; provided, however, outside counsel for each party shall be permitted to retain and archive Designated Material that is contained in correspondence, documents filed with the Court, written discovery responses, work

product, expert work product, and transcripts, together with all exhibits thereto. If Designated Material is destroyed pursuant to this Paragraph, the party destroying such Designated Material shall certify in writing to the producing Person that it has taken all reasonably necessary measures to destroy the materials.

      **19.**    **<u>No Contract</u>.**  This proposed Order is for the Court's consideration and approval as an Order. It shall not be construed to create a contract between the parties or between the parties and their respective counsel.

Dated:  May 13, 2014                                              Respectfully Submitted,

/s/ James C. Bradley
James C. Bradley (SC Bar No. 16611)
jbradley@rpwb.com
Michael J. Brickman (SC Bar No. 000874)
mbrickman@rpwb.com
Nina H. Fields (SC Bar No. 68294)
nfields@rpwb.com
Richardson, Patrick, Westbrook &
Brickman, LLC
1017 Chuck Dawley Blvd. (29464)
Post Office Box 1007
Mount Pleasant, SC 29465
Phone:  843-727-6500; Fax 843-881-6183

J. Wiley Horton (FL Bar No. 59242)
wiley@penningtonlaw.com
Pennington, Moore, Wilkinson, Bell &
 Dunbar, P.A.
215 S. Monroe Street, 2nd Floor
Tallahassee, FL 32301
Phone:  850-222-3533; Fax:  850-222-2126

Guy M. Burns (FL Bar No. 0160901)
guyb@jpfirm.com
Johnson, Pope, Bokor, Ruppel & Burns, LLP
Post Office Box 1100
Phone:  813-225-2500; Fax:  813-223-7718

Virginia Langston Ponder (FL Bar No. 99947)
virginia@penningtonlaw.com
Pennington Moore Wilkinson
215 S. Monroe St, Suite 200
Tallahassee, FL 32301
Phone:  850-222-3533; Fax:  850-222-2126

**Attorneys for Plaintiff and Counterclaim Defendant Global Communications, Inc.**


 /s/ Christopher JM Collings
Christopher JM Collings (FL Bar No. 184403)
ccollings@morganlewis.com
Morgan Lewis & Bockius LLP
200  S. Biscayne Blvd, Suite 5300
Wachovia Financial Center

 /s/ Larry D. Simpson
Larry D. Simpson (FL Bar No. 176070)
lsimpson@readyfortrial.com
James P. Judkins (FL Bar No. 174168)
jjudkins@readyfortrial.com
Judkins, Simpson, High & Schulte
Post Office Box 10368
Tallahassee, FL 32302; Fax 850-561-1471
Phone:  850-222-6040; ax:  850-561-1471

Louis Touton (CA Bar No. 102380)
lltouton@jonesay.com
Jones Day
555 South Flower Street, 50th Floor
Los Angeles, CA 90071
Phone:  213-842-1418; Fax 213-243-2539

E. Kendrick Smith (GA Bar No. 656725)
eksmith@jonesday.com
Jones Day
1420 Peachtree Street, N.E., Suite 800
Atlanta, GA 30309-3053
Phone:  404-581-8343; Fax 404-581-8330

Krista Sue Schwartz (IL Bar No. 6238053)
ksschwartz@jonesday.com
Jones Day
77 W. Wacker, Suite 3500
Chicago, IL 60601-1692
Phone:  312-782-3939; Fax:  312-782-8585

**Attorneys for the Counterclaimant and Cross-Claim Defendant DIRECTV, LLC; Counterclaimant The DIRECTV Group, Inc.; Defendant and Counterclaimant Pace Americas, LLC; and Defendants ASC Signal Corp., CalAmp Corp., Humax Co. Ltd, Humax USA Inc., Kuehne + Nagel Inc., LG Electronics, Inc., LG Electronics U.S.A., Inc.;  Microelectronics Technology, Inc., MTI Network Inc.,  Philips Consumer Electronics North America; Polecoz Electronics Ltd.; Pro Brand International, Inc., Technicolor USA, Inc. (formerly Thomson, Inc.), Unitron NV, Wistron NeWeb Corp., W-NeWeb Corporation,**

Miami, FL 33131-2339
Phone: 305-415-3312; Fax: 305-415-3001

**Attorneys for Defendant Funai Corporation**

/s/ J. Rick Tache
Joseph Rick Tache (195100)
tacher@gtlaw.com
Greenberg Traurig LLP
3161 Michelson Dr., Suite 1000
Irvine, CA 92612
Phone: 949-732-6500; Fax: 949-732-6501

Jenny Soojin Kim (CA Bar No. 282562)
kimje@gtlaw.com
Greenberg Traurig LLP
3161 Michelson Dr., Suite 1000
Irving, CA 92612
Phone: 949-732-6811; Fax: 949-732-6501

**Attorneys for Defendant Samsung Electronics America Inc. and Samsung Telecommunications America, LLC**

**Zinwell Corp., and ZCWC, Inc.**

/s/ Vijay G. Brijbasi
Vijay Gibran Brijbasi (FL Bar No. 15037)
vbrijbasi@ralaw.com
Roetzel & Andress LPA
3550 E. Las Olas Blvd, Suite 1150
Fort Lauderdale, FL 33301
Phone: 954-462-4150; Fax: 954-462-4260

Robert Edward Pershes (FL Bar No. 301906)
rpershes@ralaw.com
Roetzell & Andress LPA
350 E. Las Olas Blvd.
Suite 1150
Fort Lauderdale, FL 33301
Phone: 954-462-4150; Fax: 954-462-4260

**Attorneys for Defendant ASC Signal Corporation**

## ORDER

Pursuant to the Parties' Stipulation, **IT IS SO ORDERED on May 16, 2014.**

                s/Robert L. Hinkle
                United States District Judge

EXHIBIT A

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

| | |
|---|---|
| **GLOBAL COMMUNICATIONS, INC.,**       )<br>                                                                 )<br>**Plaintiff,**                                    )<br>                                                                 )<br>v.                                                            )<br>                                                                 )<br>**DIRECTV Inc., THE DIRECTV**               )<br>**GROUP, INC., and JOHN DOE**                )<br>**MANUFACTURERS Nos. 1-10,**               )<br>                                                                 )<br>**Defendant.**                                 )<br>                                                                 )<br>**DIRECTV, LLC and THE DIRECTV**          )<br>**GROUP, INC.,**                                     )<br>                                                                 )<br>**Counterclaimants,**                    )<br>                                                                 )<br>v.                                                            )<br>                                                                 )<br>**GLOBAL COMMUNICATIONS, INC.,**       )<br>                                                                 )<br>**Counterclaim Defendant.**         )<br>                                                                 )  | Case No.: 4:12-cv-00651-RH-CAS |

     My name is _____.  My home address is _____.  I am employed as (state position) _____ at (state name and address of employer), _____

_____

_____.

     1.    I have read the Stipulation and Protective Order Regarding Confidential Information, and a copy of it has been given to me.  I understand the provisions of this Order, and I agree to comply with and to be bound by its provisions.

2. I further agree to submit to the jurisdiction of this Court for adjudication of any dispute regarding my compliance with the terms of this Stipulation and Order.

I declare under penalty of perjury under the law of the United States of America that the foregoing is true and correct.

Executed this _____ day of _____, 2013, at_____.

ATI-2604801v1